**Ex parte Kerrance Ramone BROWN.**

No. 07–96–0101–CR.

Court of Appeals of Texas, Amarillo.

May 20, 1996.

■■■■■■■■■■■■■■■

Waters, Holt & Fields, David E. Holt, Pampa, for appellant.

John Mann, District Attorney, Pampa, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

Appellant Kerrance Ramone Brown, pursuant to a letter from his attorney which, for the purpose of our discussion we will assume, arguendo, is sufficient to constitute a notice of appeal, has filed a transcript in this court. Examination of the transcript reveals he is attempting to appeal the trial court's March 19, 1996 refusal of his application for habeas corpus.

■ An appeal from a denial of *relief* pursuant to the issuance of a pretrial writ of habeas corpus in which the appellant alleges that a trial on the merits will subject the defendant to double jeopardy is now an appropriate procedure. *Stephens v. State,* 806 S.W.2d 812, 814 (Tex.Crim.App.1990); *Ex parte Rathmell,* 717 S.W.2d 33, 34 (Tex.Crim. App.1986); *Ex parte Robinson,* 641 S.W.2d 552, 555 (Tex.Crim.App.1982). This is the procedure appellant seeks to utilize.

■ When the trial court is presented with an application for a writ of habeas corpus, it may hold a hearing on limited questions of whether to issue the writ or simply deny the application. After such a hearing, no appeal lies from the refusal to issue the writ. *Ex parte Noe,* 646 S.W.2d 230, 231 (Tex.Crim.App.1983); *Ex parte Walker,* 813 S.W.2d 570, 571 (Tex.App.—Corpus Christi 1991, pet. ref'd).

■ Whether a trial court issues a writ of habeas corpus is a matter of discretion. *Ex parte Fowler,* 573 S.W.2d 241, 244 (Tex. Crim.App.1978). The issuance of the writ is a necessary step for the trial court to hear the basis for the relief sought. *Walker,* 813 S.W.2d at 571. Thus, a trial court's ruling on an application for writ of habeas corpus is only appealable when the trial court issues the writ and then rules upon the merits of the question presented, denying the relief sought. *Ex parte Moorehouse,* 614 S.W.2d 450, 451 (Tex.Crim.App.1981).

■ In this case, the trial court denied appellant's application for writ of habeas corpus. For the reasons we have stated, this court is without jurisdiction to entertain his attempted appeal. Accordingly, this appeal must be, and is hereby, dismissed.