Ex parte Donald L. BUSBY, Appellant.

No. 03–95–00463–CR.

Court of Appeals of Texas,
Austin.

April 3, 1996.

Rehearing Overruled May 29, 1996.

Scott A. Young, Minton, Burton, Foster & Collins, Austin, for Appellant.

Mary K. Ludwick, Special Prosecutor for Bell County, Dallas, for State.

Before POWERS, ABOUSSIE and KIDD, JJ.

ABOUSSIE, Justice.

The county court at law held appellant Donald Busby in contempt. Thereafter, Busby was charged with two felony indictments. Invoking double jeopardy, Busby sought to bar further prosecution of the indictments by

1. For a complete list of the findings enunciated in the August 29 contempt order, refer to the Appendix to this opinion.

2. The underlying conduct took place before September 1, 1994, and is governed by the law in

petition for pretrial writ of habeas corpus in district court. The district court issued the writ but denied relief. We will affirm the trial court's denial of relief in part and reverse and render in part.

## BACKGROUND

After issuing numerous orders, including a prior contempt order on August 1, the county court at law held Busby in contempt on August 29, 1994. The court found that (1) Busby had failed to hold certain funds in trust as previously directed by court orders, and (2) while under oath and during an official proceeding before the court, he had falsely stated that his trust account at that time had a balance of at least $173,613.51.[1]

The court assessed punishment at confinement in the county jail for five days and ordered Busby to pay a $500 fine. The court further ordered that Busby could purge himself of contempt as to the confinement if he paid $63,613.51 plus costs into the registry of the court. Busby could not purge himself of contempt as to the fine, and he paid it.

Thereafter, Busby was charged by indictment with misapplication of fiduciary property and aggravated perjury. *See* Tex. Penal Code Ann. §§ 32.45 & 37.02 (West 1994).[2] Relying upon Article I, § 14 of the Texas Constitution, and the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution, appellant sought to bar further prosecution of the indictments by petition for pretrial writ of habeas corpus in district court. *See Stephens v. State*, 806 S.W.2d 812, 814 (Tex.Crim.App.1990). The court granted the writ but denied relief.

## DISCUSSION

■ The Double Jeopardy Clause of the Fifth Amendment states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause protects the accused against three distinct abus-

effect at the time the conduct was committed. Because the code amendments effective September 1, 1994 have no substantive effect on these offenses, the current code is cited for the sake of convenience.

es: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989). The instant cause addresses the protection against a second prosecution after conviction in the context of a criminal contempt order.

■ The United States Supreme Court has held that, in some circumstances, the Double Jeopardy Clause bars subsequent criminal prosecution of offenses which form the basis of a previous order of *criminal* contempt. *United States v. Dixon,* 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). In *Dixon,* the Court applied the "same-elements" test of *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The *Blockburger* test "inquires whether each offense contains an element not contained in the other; if not, they are the 'same offense' and double jeopardy bars additional punishment and successive prosecution." *Dixon,* 509 U.S. at 696, 113 S.Ct. at 2856. We must first determine whether the contempt order is civil or criminal. Then, if the contempt is criminal, we must determine whether *Blockburger* and *Dixon* bar further prosecution.

### Civil v. Criminal Contempt

■ The distinction between civil and criminal contempt lies in the nature and purpose of the penalty imposed. *Ex parte Johns,* 807 S.W.2d 768, 770 (Tex.App.—Dallas 1991, no writ); *Ex parte Harrison,* 741 S.W.2d 607, 609 (Tex.App.—Austin 1987, orig. proceeding); *see also* William W. Kilgarlin & Scott A. Ozmun, *Contempt of Court in Texas—What You Shouldn't Say to the Judge,* 38 Baylor L.Rev. 291, 297 (1986). In civil contempt, the court exerts its contempt power to persuade the contemnor to obey a previous order, usually through a conditional penalty. Because the contemnor can avoid

punishment by obeying the court's order, the courts have coined the phrase, "the civil contemnor carries the keys of imprisonment in his own pocket." *Ex parte Johns,* 807 S.W.2d at 770.

■ Conversely, a criminal contempt order is punitive in nature and is an exertion of the court's inherent power to punish a contemnor for some completed act which affronted the dignity and authority of the court. In criminal contempt proceedings, the court punishes the contemnor for improper actions and no subsequent voluntary compliance can enable the contemnor to avoid punishment for past acts. *Id.* at 771; *see also* Tex. Gov't Code Ann. § 21.002(e). Moreover, a court can issue a "hybrid" order, combining elements of both civil and criminal contempt. *Ex parte Sanchez,* 703 S.W.2d 955, 957 (Tex.1986).

■ In the instant cause, the court committed Busby to jail for five days and ordered him to pay a $500 fine. The contempt order allowed Busby to purge himself of contempt as to the jail time only. The order did not permit Busby to purge himself of the fine, which Busby did pay. We conclude that the contempt order was a "hybrid" one, and that, as such, we must further consider whether double jeopardy bars further prosecution.

### United States v. Dixon

In *Dixon,* the Court held that the defendant could not be prosecuted for the same offense for which he was previously punished with criminal contempt. *Dixon,* 509 U.S. at 711, 113 S.Ct. at 2864. The *Dixon* Court did not hold that, in every circumstance, the Double Jeopardy Clause bars subsequent prosecution of an offense which formed the basis of a previous order of criminal contempt. Rather, the Court applied the *Blockburger* test to the offenses at issue and determined in that case that the Double Jeopardy Clause barred further prosecution.[3] *Dixon*

---

3. The *Dixon* court analyzed a criminal contempt order which held the defendant in contempt for violating an earlier court order which forbade the defendant from committing "any criminal offense." 509 U.S. at ——, 113 S.Ct. at 2853.

The trial court incorporated every statutory crime into the order underlying the contempt charge. Thus, the later charged statutory penal offense necessarily became a lesser included of-

does not prohibit subsequent prosecution for conduct which formed the basis of a prior contempt order in every instance. *Dixon* simply returned the inquiry to the same elements test of *Blockburger.*

### Blockburger v. United States

■ The *Blockburger* test "inquires whether each offense contains an element not contained in the other; if not, they are the 'same offense' and double jeopardy bars additional punishment and successive prosecution." *Dixon,* 509 U.S. at 696, 113 S.Ct. at 2856. The Texas and Federal versions of the Double Jeopardy Clause are essentially identical. *Ex parte Tomlinson,* 886 S.W.2d 544, 546 (Tex.App.—Austin 1994, no pet.). Federal courts tend to focus on the elements found in the penal statute, while the Texas Court of Criminal Appeals has focused on the elements alleged in the indictment. *Parrish v. State,* 869 S.W.2d 352, 354 (Tex.Crim.App. 1994) ("[t]he essential elements relevant to a jeopardy inquiry are those of the charging instrument, not of the penal statute itself.") Because the State protections are potentially broader, we will apply the *Blockburger* test by focusing on the charging instruments.

### Misapplication of Fiduciary Property

Busby argues that every element of the misapplication of fiduciary property indictment is contained within the trial court's contempt order, thereby making the indictment a lesser included offense of the contempt order. Therefore, as in *Dixon, Blockburger* and the Double Jeopardy Clause bar the State from prosecuting the charged offense. We disagree.

■ The indictment charges that Busby (1) knowingly and intentionally and contrary to an agreed, June 10, 1991, court order under which he held those funds; (2) misapplied insurance settlement proceeds; (3) which he held as a fiduciary, namely as attorney for the guardians of George Thomas Murphy; (4) in such a manner that involved a substantial risk of loss to the beneficiaries.

■ The contempt order contains findings which encompass the first three elements of the indictment. However, the court made no fense of the contempt order, and *Blockburger*

finding which corresponds to the fourth element. Busby was held in contempt without regard to the manner in which he misapplied funds or the beneficiaries' resulting risk of loss, if any. For example, simply because Busby failed to timely deliver funds to the court does not imply that there was a substantial risk that the funds would never be delivered. The contempt order is silent on the matter. Therefore, neither expressly nor by implication did the trial court hold Busby in contempt for misapplying funds *in a manner involving a substantial risk of loss to the beneficiaries.* Thus, the indictment contains an element not in the contempt order. If the contempt order also contains an "element" not in the indictment, then double jeopardy does not bar further prosecution of the charged offense.

The contempt order is replete with acts for which Busby was held in contempt that are not included in the indictment. The indictment charges an offense limited to Busby's failure to hold the funds in trust as required by a June 10, 1991, court order. However, the trial court held Busby in contempt because he was ordered to deliver funds on numerous occasions but failed to do so. Specifically, the contempt order recites that Busby failed to deliver funds to the court (1) by 11:30 a.m. on August 1, as separately ordered; (2) by 2:30 p.m. on August 1, as separately ordered; and (3) on August 8, as separately ordered. In sum, the "elements" of Busby's contemptuous conduct consist of repeated instances of noncompliance with the court's orders. These repeated instances of noncompliance are not contained in the indictment. Therefore, the contempt order contains "elements" not contained in the indictment. Because both the misapplication of fiduciary property indictment and contempt order each contain at least one element that the other does not, double jeopardy does not bar the subsequent charge.

### Aggravated Perjury

■ Busby argues that every element of the aggravated perjury indictment is contained within the trial court's contempt order, thereby making the indictment a lesser holds such prosecutions barred.

included offense of the contempt order. Thus, the State is barred from prosecuting the charged offense. We agree.

The August 29 contempt order provides in pertinent part:

That on August 1, 1994, Donald L. Busby made sworn statements in open Court that he had in his Trust account the sum of $173,613.51, and exhibited a Xerox copy of a cashier's check in that amount dated July 14, 1993, drawn on First State Bank of Temple, Texas, payable to Busby and Associates, P.C. Trust when in fact he did not have such funds in that account and thus made a false statement to the court.

The indictment charges that Busby (1) in connection with and during an official proceeding; (2) knowingly and intentionally made, while under oath, a false statement; (3) with knowledge of the statement's meaning and with intent to deceive; (4) that the statement was required by law to be under oath; and (5) that the statement was material.

If the contempt order is based upon findings which encompass all five elements of the indictment, then the indictment would be a lesser included offense of the contempt order. Therefore, *Blockburger* would instruct that the Double Jeopardy Clause bars the State from prosecuting the charged offense.

By its express terms, the contempt order contains findings which encompass elements one, two, and four of the indictment. Moreover, by necessary implication, the contempt order must encompass elements three and five of the indictment.

The court issuing the contempt order first held a hearing on August 1, 1994, to determine whether to find Busby in contempt. The court found that at that hearing Busby falsely testified under oath that he had the funds in his trust account and exhibited a cashier's check as proof. Element three requires that one make the false statement with the intent to deceive. Part of the purpose of the hearing was to determine whether Busby had violated the June 10 order and whether he had the funds in trust. Through his false testimony, Busby misrepresented that he had the funds in trust when he did

not. Taken in its entirety, the contempt order finds that Busby made sworn statements during a court proceeding which were untrue and further that he repeatedly told the court one thing, and then did another, *evidencing his intent to mislead the court.* Indeed, the contempt order is titled "Order Holding Donald L. Busby, Attorney At Law, In Contempt Of Court For *Misleading The Court* And Failing To Obey Direct Orders Of The Court And For Commitment To Bell County Jail For Contempt." (emphasis added) Therefore, the contempt order does encompass element three of the indictment.

Element five requires that the false statement be material. Section 37.04 of the Penal Code defines materiality as follows: "A statement is material, regardless of the admissibility of the statement under the rules of evidence, if it could have affected the course or outcome of the official proceeding." Tex. Penal Code Ann. § 37.04 (West 1994).

Busby falsely testified at the August 1 hearing concerning the very matters in issue. After concluding that Busby had made false statements under oath, the court held him in contempt. Thus, as evidenced by the court's contempt order, Busby's false statements were material and necessarily affected the outcome of the August 1 hearing. Therefore, the August 29 order holding Busby in contempt encompasses element five of the indictment as well.

Because the August 29 contempt order encompasses all five elements as alleged in the aggravated perjury indictment, *Blockburger* instructs that the Double Jeopardy Clause bars the State from prosecuting Busby under that indictment.

## CONCLUSION

Having applied the *Blockburger* test, we hold that the Double Jeopardy Clause does not bar the State from prosecuting the misapplication of fiduciary property indictment. We also hold that the Double Jeopardy Clause does bar the State from prosecuting the aggravated perjury indictment. Therefore, we affirm that portion of the trial court's order denying relief from subsequent prosecution of the misapplication of fiduciary property indictment. We reverse the re-

maining portion of the order and order the aggravated perjury indictment dismissed.

### APPENDIX

Cause No. 17369.

Guardianship of George Thomas Murphy an Incapacitated Person.

In the County Court at Law Number One (1) of Bell County, Texas.

### ORDER HOLDING DONALD L. BUSBY, ATTORNEY AT LAW, IN CONTEMPT OF COURT FOR MISLEADING THE COURT AND FAILING TO OBEY DIRECT ORDERS OF THE COURT AND FOR COMMITMENT TO BELL COUNTY JAIL FOR CONTEMPT

On this 29th day of August 1994, came on for hearing before the undersigned visiting Judge the Honorable Joe E. Briscoe, a matter related to the above styled and numbered cause, and among others, appeared Donald L. Busby, Attorney at Law, and party at interest, and came all other parties at interest and the guardian ad litem for the ward, and the Court reviewed orders of the court and certain representations and actions undertaken by Donald L. Busby in open court and the court finds, to wit:

1. That this Court on June 10, 1991, ordered that the sum of $173,613.51 be held in Trust by the law firm of Busby and Associates, P.C., said order being on file in Volume 0379, page 000085, County Clerk's Records, Bell County, Texas.

2. That this order was violated in that the Court finds that said funds were not held in trust as ordered.

3. That Donald L. Busby was, and is, acting both as officer of the Court and as an interested party.

4. That on August 1, 1994, Donald L. Busby made sworn statements in open Court that he had in his Trust account the sum of $173,613.51, and exhibited a Xerox copy of a cashier's check in that amount dated July 14, 1994, drawn on First State Bank of Temple, Texas, payable to Busby and Associates, P.C. Trust when in fact he did not have such

funds in that account and thus made a false statement to the court.

5. That Donald L. Busby was ordered to cash the $173,613.51 cashier's check and to deliver the funds to the registry of the court by 11:30 a.m., August 1, 1994, but failed to do so.

6. That Donald L. Busby stated to the Court by telephone that he would deliver the check proceeds by 2:30 p.m., August 1st, 1994, and that he was ordered to deliver said funds to the registry of the court by that time, but he failed to appear or to deliver the funds, and made a false statement that he would.

7. That Donald L. Busby finally delivered $110,000.00 of the funds to attorneys of Scott & White, but failed to deliver the remaining $63,613.51 on August 8, 1994, to the Estate of the Ward.

8. That the Court on August 8, 1994, ordered Donald L. Busby to appear on August 22, 1994, at 10:30 a.m. and report to the court and give proof that the sum of $63,613.51 had been paid into the Court Registry, and that he failed to comply with order.

9. That Donald L. Busby was ordered to appear on this 29th day of August, 1994, and Show Cause why he should not be held in contempt for failing to deposit the $63,613.51 in the registry of the Court, and he has failed to show just cause.

10. That Donald L. Busby is in contempt of this court for failure to obey the direct orders of this court as just outlined.

The court hereby finds Donald L. Busby in contempt of Court upon each and all of the foregoing acts of misconduct and sets his punishment at confinement in the county jail of Bell County, Texas for a period of Five (5) days, commencing at 1:00 p.m. on August 29, 1994, and also assesses a fine against Donald L. Busby in the amount of $500.00. This order is to go into effect immediately at 1:00 p.m. on August 29, 1994, without further order of the Court being required. The findings of the court made at 9:30 a.m. on August 29, 1994, in open court are made a part hereof also.

It is therefore additionally ordered that Donald L. Busby be arrested wherever found and that he is Committed to the Bell County Jail in Belton, Texas for the time period above set forth, for the above described actions of contempt and unless purged as hereafter set forth he is hereby remanded to the Sheriff of Bell County in custody, instanter as of 1:00 p.m. on August 29, 1994, for this purpose, subject only to the provisions of Section 21.002(d) of the Texas Government Code. He is to be arrested where found, and the Clerk shall issue any necessary orders to enforce this order.

The above provisions as to jail time is suspended only subject to the provisions of Section 21.002(d) of the Texas Government Code.

Contemner may purge himself of contempt as to jail time by paying $63,613.51 in cash or valid cashier's check into the Registry of this Court, plus all costs of Court and all fees of the Guardian Ad litem, Michael F. Gibbs.

SIGNED RENDERED and ENTERED on this the 29th day of August, 1994, at 11:35 o'clock a.m. in Belton, Texas.

/s/ Joe E. Briscoe
JOE E. BRISCOE,
Judge Presiding