**Ex parte Todd Wesley REESE.**

**No. 03–99–00199–CR.**

Court of Appeals of Texas, Austin.

Feb. 25, 2000.

---

Michael R. Burnett, Minton, Burton, Foster & Collins, P.C., Austin, for Appellant.

Giselle Horton, Asst. County Atty., Austin, for State.

Before Justices JONES, KIDD and PATTERSON.

MACK KIDD, Justice.

Todd Wesley Reese was convicted of contempt of court for violating a protective order. Reese was subsequently indicted on a stalking charge arising, in part, out of the same incident. Reese filed a pretrial writ of habeas corpus contending that prosecution of the stalking charge was barred by double jeopardy. The trial court denied relief and Reese brings this appeal. We will affirm.

## BACKGROUND

The State of Texas brought a motion for contempt against Reese for violating a protective order obtained on behalf of Carless Grays, Reese's former fiancee. The protective order prohibited Reese from: (1) committing acts of family violence; (2) directly communicating in a threatening or harassing manner with Grays or any member of her family; (3) going within 200 yards of Grays or her residence; or (4) engaging in conduct reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass Grays or any member of her family. In finding Reese in contempt, the trial court focused primarily on events that occurred on October 28, 1997. Specifically, the trial court found that Reese had violated the protective order by going within 200 yards of Grays's residence on or about October 28, 1997. Upon this finding the trial court held Reese in contempt of court, sentenced him to 120 days' confinement in county jail, and ordered him to pay $600 in legal fees to the Travis County Attorney's office.

The Travis County Attorney's office then brought misdemeanor stalking charges against Reese. *See* Tex. Penal Code Ann. § 42.072 (West Supp.2000). The indictment alleged four separate events which formed the basis for the stalking charge, one of which occurred during the October 28th incident. With respect to that date, the indictment alleged:

On or about the 28th day of October, A.D. 1997, the Defendant did then and there shoot a window out of CARLESS GRAYS' residence and the Defendant reasonably believed that the said CAR-

LESS GRAYS would regard said conduct as threatening bodily injury or death, and said conduct caused CARLESS GRAYS to be placed in fear of bodily injury or death, and said conduct would cause a reasonable person to fear bodily injury or death of himself or herself.

Thereafter, Reese filed an application for pretrial writ of habeas corpus contending that the stalking charge as alleged by the State was barred by double jeopardy. Reese argued that because the same factual allegation, the October 28th incident, was used to hold him in contempt of court, prosecution of the stalking charge as alleged by the State was barred by the double jeopardy provisions of the federal and Texas constitutions and articles 1.04 and 1.10 of the Texas Code of Criminal Procedure. *See* U.S. Const. amend. V; Tex. Const. art. I, § 14; Tex.Code Crim. Proc. Ann. arts. 1.04, 1.10 (West 1977). The trial court granted the writ but denied relief. Reese brings this appeal.

## DISCUSSION

The Fifth Amendment to the United States Constitution provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Article I, section 14 of the Texas Constitution states: "No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction." Tex. Const. art. I, § 14;[1] *see also* Tex. Code Crim. Proc. Ann. art. 1.10. These protections apply to: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple

punishments for the same offense. *See United States v. Halper*, 490 U.S. 435, 440, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), *rev'd on other grounds by Hudson v. United States*, 522 U.S. 93, 118 S.Ct. 488, 490–91, 139 L.Ed.2d 450 (1997). The present case implicates the second protection, i.e., a second prosecution for the same offense after conviction.

It has been established that in some cases double jeopardy precludes subsequent criminal prosecution of offenses that form the basis of a criminal contempt proceeding. *See United States v. Dixon*, 509 U.S. 688, 700, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993); *Ex parte Rhodes*, 974 S.W.2d 735, 739, 742 (Tex.Crim.App.1998); *Ex parte Busby*, 921 S.W.2d 389, 391 (Tex. App.—Austin 1996, pet. ref'd). Because these cases involved criminal contempt proceedings, we must first decide whether the contempt order against Reese was civil or criminal to determine whether these cases apply.

Civil and criminal contempt are distinguished by the type of punishment meted out by the trial court. *See Busby*, 921 S.W.2d at 391. Courts use civil contempt to persuade the parties before them to obey an order of the court. *See id.; Ex parte Johns*, 807 S.W.2d 768, 770 (Tex. App.—Dallas 1991, no writ). This is accomplished by conditioning punishment upon failure to obey an existing court order. *See Busby*, 921 S.W.2d at 391. Therefore, in a civil context, a party before the court may avoid or reduce punishment by obeying a court order. In contrast, criminal contempt responds to a completed act that has affronted the dignity of the court. *See id.* The resultant sentence handed down by the court is obligatory

1. Conceptually, the Texas and federal versions of the double jeopardy clause are identical. *See Phillips v. State*, 787 S.W.2d 391, 393 n. 2 (Tex.Crim.App.1990); *Ex parte Tomlinson*, 886 S.W.2d 544, 546 (Tex.App.—Austin 1994, no pet.). The Texas double jeopardy clause does not afford greater protection than the federal clause. *See Washington v. State*, 946 S.W.2d 912, 913–14 (Tex.App.—Austin 1997, pet. ref'd). Therefore, we address appellant's contentions by relying on authority interpreting both state and federal constitutional provisions.

and punitive in nature. *See id.; Ex parte Johns,* 807 S.W.2d at 771.

■ In the instant case, Reese was fined $600 in attorney's fees and sentenced to 120 days in county jail for violating the court's protective order. Because the contempt order was obligatory rather than conditional and did not permit Reese to avoid the fine or jail time, the contempt was criminal in nature. *See Busby,* 921 S.W.2d at 391. Therefore, because Reese was sentenced pursuant to a criminal contempt order, we will proceed with the analysis of Reese's double jeopardy claim.

■ To determine whether a criminal contempt conviction bars further prosecution for the same offense, the United States Supreme Court uses the "same-elements" test from *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *See Dixon,* 509 U.S. at 696–97, 704, 113 S.Ct. 2849. The *Blockburger* same-elements test evaluates whether each offense contains an element not present in the other. *See id.; Blockburger,* 284 U.S. at 304, 52 S.Ct. 180. If they do, they are not considered the "same offense" for double jeopardy purposes, and a successive prosecution is not barred. *See Dixon,* 509 U.S. at 696, 113 S.Ct. 2849.

While a majority of the United States Supreme Court has agreed on the applicable test to evaluate a double jeopardy claim under these circumstances, a majority has not agreed on what constitutes an "element" in the "same-elements" test. *See id.* at 697–703, 113 S.Ct. 2849 (plurality opinion). Federal courts generally focus on the elements found in the penal statute. *See, e.g., United States v. Landerman,* 109 F.3d 1053, 1068 (5th Cir.1997); *United States v. Forman,* 990 F.Supp. 875, 885 (E.D.Mich.1997). However, Texas courts have traditionally focused on the elements as alleged in the charging instrument. *See Parrish v. State,* 869 S.W.2d 352, 354 (Tex. Crim.App.1994); *Busby,* 921 S.W.2d at 392. In *Parrish,* the Texas Court of Criminal Appeals reevaluated what is meant by "same elements" after the *Dixon* opinion:

> We likewise think it reasonably clear from the various opinions in *Dixon* that the essential elements relevant to a jeopardy inquiry are those of the charging instrument, not of the penal statute itself. Statutory elements will, of course, always make up a part of the accusatory pleading, but additional non-statutory allegations are necessary in every case to specify the unique offense with which the defendant is charged.

*Parrish,* 869 S.W.2d at 354. In light of the court of criminal appeals' holding in *Parrish* and our decision in *Busby,* we will focus on the elements in the charging instrument in applying the *Blockburger* analysis.

■ Reese argues that because the stalking charge is based in part on conduct for which he has already been tried and punished in the context of a criminal contempt order, the second prosecution is barred by double jeopardy. We disagree.

With respect to Reese's conduct on October 28, 1997, the indictment charges that Reese:

> did then and there *shoot a window out of CARLESS GRAYS' residence* and the Defendant reasonably believed that the said CARLESS GRAYS would regard *said conduct* as threatening bodily injury or death, and *said conduct* caused CARLESS GRAYS to be placed in fear of bodily injury or death, and *said conduct* would cause a reasonable person to fear bodily injury or death of himself or herself.

(Emphasis added.) The indictment incorporates much of the language found in the stalking law, as the court in *Parrish* anticipated it would. *See Parrish,* 869 S.W.2d at 354; *see also* Tex. Penal Code Ann. § 42.072.

The contempt order found that on or about October 28, 1997, Reese went within 200 yards of Grays by going to Grays's residence. Although the incident alleged

**58**

in the contempt order and the allegation in the stalking indictment both occurred on October 28, 1997, the offenses are not the same under the *Blockburger* test. Reese was convicted of contempt of court because he violated the minimum distance provision in the protective order. However, failure to stay a specified distance away from Grays's residence is not an element of the stalking indictment. Thus, the contempt order contains an element not present in the stalking indictment.

Likewise, the stalking indictment contains many elements not present in the contempt order. First, the stalking indictment alleges that on October 28, 1997, Reese shot a window out of Grays's residence. The contempt order does not include this conduct. Therefore, the stalking indictment contains a factual allegation that the contempt order does not and seeks to punish conduct different from that punished by the contempt order. Second, the stalking indictment alleges that Reese engaged in conduct that he knew or reasonably believed Grays would regard as threatening bodily injury or death. The contempt order only addresses outward conduct. It does not contemplate Reese's mental state with respect to the effect of his conduct on Grays. Thus, the stalking indictment contains a mental element that the contempt order does not. Third, the stalking indictment charges that Reese's conduct caused Grays to be placed in fear of bodily injury or death. Again, the contempt order finds only that Reese went within 200 yards of Grays in violation of the protective order. It does not address the effect of that conduct on Grays. Consequently, the stalking indictment also contains a causation element not present in the contempt charge. Because both the stalking indictment and the contempt order contain at least one element not present in the other, double jeopardy does not bar the prosecution for stalking. *See Busby*, 921 S.W.2d at 392.

## CONCLUSION

We find that Reese's conduct punished under the contempt order and his conduct alleged in the stalking indictment do not constitute the same offense under the *Blockburger* test. Thus, we hold that Reese's conviction for contempt does not bar subsequent prosecution of the stalking charge on double jeopardy grounds. Appellant's issue is overruled, and we affirm the trial court's order denying relief.