NUMBER 13-00-325-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________

RAUL CID , Appellant,


v.



THE STATE OF TEXAS , Appellee.

__________________________________________________________________


On appeal from the 206th District Court

of Hidalgo County, Texas.

__________________________________________________________________


O P I N I O N

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Dorsey



A jury convicted appellant, Raul Cid, of twenty-four counts of criminal nonsupport. The trial court sentenced him to two
years in prison. By one point of error appellant asserts that the trial court erred in denying his pretrial writ of habeas
corpus. We dismiss the appeal for want of jurisdiction.

I. Background
The indictment alleged in each of twenty-four counts that appellant intentionally and knowingly failed to support his child
who was the subject of a court order requiring appellant to support the child. On February 28, 2000, appellant filed a
Pretrial Application for Writ of Habeas Corpus Seeking Relief From Double Jeopardy. He sought to bar prosecution of the
indictment, alleging that (1) the sheriff had unlawfully restrained him pending trial for criminal nonsupport, (2) the Double
Jeopardy Clauses of the Texas and U.S. Constitutions, along with article 1.10 of the Texas Code of Criminal Procedure,
barred his prosecution for criminal nonsupport, making the restraint illegal, and (3) this prosecution constituted multiple
punishment for the same offense because he is currently serving a prison sentence for the exact behavior the State is
attempting to prosecute a second time. Defense counsel attached his affidavit in which he attested to the truthfulness of
these assertions.

When the trial court heard pretrial motions defense counsel advised the court about the application for writ of habeas
corpus. Without any hearing the trial court stated, "After reviewing the authority presented by Defense Counsel, as well as
the authority presented by the State, the Court is denying that request." The appellate record does not include a signed
order pertaining to the application for pretrial writ of habeas corpus.

II. Analysis

Jurisdiction



We first address the State's argument that we lack jurisdiction over this appeal. The State argues that we do not have
jurisdiction because the trial court denied the writ application and did not rule on the merits.

A defendant may appeal a trial court order denying relief on the merits of his habeas claim. Ex parte Hargett, 819 S.W.2d
866, 868 (Tex. Crim. App. 1991). However no appeal lies from the refusal to issue a writ of habeas corpus unless the trial
court, nevertheless, addressed the merits of the claim raised. Id. at 869.

The issuance of the writ is a necessary step for the trial court to hear the basis for the relief sought. Ex parte Brown, 925
S.W.2d 111, 112 (Tex. App.-Amarillo 1996, no pet.); Ex parte Walker, 813 S.W.2d 570, 571 (Tex. App.-Corpus Christi
1991, pet. ref'd). Thus a trial court's ruling on an application for writ of habeas corpus is only appealable when the trial
court issues the writ and then rules upon the merits of the question presented, denying the relief sought. Ex parte Brown,
925 S.W.2d at 112 (citing Ex parte Moorehouse, 614 S.W.2d 450, 451 (Tex. Crim. App. 1981)).

We take note of the opinion in Ex parte Hargett, supra, in which the trial court refused to issue a requested writ of habeas
corpus in an order that nevertheless addressed the merits of the claims raised in the writ application. The court of criminal
appeals wrote:

The Court of Appeals correctly ruled that the trial court did not issue a writ of habeas corpus. However, it erred in
concluding that it had no jurisdiction to hear the appeal from the trial court's order denying relief. This is not a case where
the district court simply refused to hear the application as presented. Here, the court went beyond merely deciding not to
issue the writ of habeas corpus. The court, in this instance, undertook to rule on the merits of the application. 

It is important to recognize that there is a distinction between the issuance of a writ of habeas corpus and the granting of
relief on the claims set forth in an application for that writ. The trial court in the instant case did not issue the requested
writ of habeas corpus. However, he did not dismiss the application either. Instead, the court undertook to rule on the merits
of applicant's claim and hence, the court of appeals has jurisdiction over applicant's appeal.



Ex parte Hargett , 819 S.W.2d at 869 (footnote omitted). Under Hargett the crucial question is not whether the trial court
did or did not issue the writ, but whether the court did or did not consider and resolve the merits of the petition. If the trial
court reaches the merits of the habeas corpus application, its ruling is appealable even if it comes in the form of an order
refusing to issue the writ. See Id. Conversely an order purporting to deny the relief sought in a habeas corpus application is
not appealable if the trial court did not in fact rule on the substantive merits of the applicant's claim. Ex parte Gonzales, 12
S.W.3d 913, 914 (Tex. App.-Austin 2000, pet. ref'd). See Ex parte Bamburg, 890 S.W.2d 549, 551 (Tex. App.--Beaumont
1994, no pet.).

Here based upon the state of the record before us we are unable to find any rulings by the trial court on the substantive
merits of applicant's claim for relief. Because the court did not consider and resolve the merits of appellant's habeas corpus
application, we do not have appellate jurisdiction.

Assuming that we have jurisdiction, appellant's argument as stated in his appellate brief is that he "was in custody and in
prison for facts and allegations mirrored by the indictment and conviction complained of in this appeal." He states that
prior to trial the Hidalgo County Master Court No. 2 issued a contempt order alleging that he failed to support his child. On
the basis of the contempt order the master court placed him in custody of the Hidalgo County Sheriff's Department.

However the appellate record does not include the contempt order or any documentation from the proceedings before the
master court. To determine whether a criminal contempt conviction bars further prosecution for the same offense the
United States Supreme Court uses the "same-elements" test fromBlockburger v. United States, 284 U.S. 299, 304 (1932);Ex
parte Reese, 23 S.W.3d 54, 57 (Tex. App.-Austin 2000, no pet.). The same-elements test evaluates whether each offense
contains an element not present in the other. Blockburger, 284 U.S. at 304. If they do, they are not considered the "same
offense" for double jeopardy purposes, and jeopardy would not bar a successive prosecution. Ex parte Reese, 23 S.W.3d at
57.

Double jeopardy principles generally do not apply to an order assessing solely coercive confinement when a contemnor can
obtain release by purging contempt. Yates v. United States, 355 U.S. 66, 74, 78 (1957); Ex parte Hudson, 917 S.W.2d 24,
26 (Tex. 1996). A contempt conviction is "criminal" if it punishes for past violations, and "civil" if it attempts to coerce
future action. Ex parte Williams, 799 S.W.2d 304, 306 (Tex. Crim. App. 1990). Because the appellate record does not
include the contempt order we cannot determine if the order was a criminal contempt conviction. Thus appellant is unable
to prove that the elements contained in the contempt order are the same elements contained in the indictment as required
under the same-elements test. Accordingly we cannot determine the double jeopardy claim.

We DISMISS the appeal for want of jurisdiction.



J. BONNER DORSEY,

Justice



Do not publish .

Tex. R. App. P. 47.3(b).

Opinion delivered and filed

this 21st day of June, 2001.