Petition for Writ of Habeas Corpus Granted and Memorandum Opinion filed
June 29, 2006








Petition
for Writ of Habeas Corpus Granted and Memorandum Opinion filed June 29, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO.  14-06-00413-CV

____________

 

IN RE JIMMY ASH, Relator

 

 



 

ORIGINAL PROCEEDING

WRIT OF HABEAS CORPUS

 



 

M E M O R
A N D U M  O P I N I O N

Relator
Jimmy Ash challenges the trial court=s contempt judgment and order of
commitment, both dated March 7, 2006, claiming that: the order underlying the
contempt judgment is not sufficiently specific to be enforced by contempt; the
contempt order is itself vague; and he established his inability to comply with
the contempt order.  For the reasons addressed below, we grant the writ of
habeas corpus.  

Background








This
original proceeding stems from a dispute between real party in interest Edward
Sustala, Jr., and relator and his brother, Billy Ash.  Sustala was purchasing a
lot in Tomball, Texas, under a contract for deed, and hired the Ashes to build
a home on the lot.  A disagreement arose concerning construction of the home,
and Sustala filed suit against the Ashes.[1] 
Sustala filed a AMotion for Preservation of Property@ in the trial court, requesting an
order that he or the Ashes secure an occupancy permit to enable electrical
service to be connected to the house, primarily to maintain air conditioning. 
The trial court granted Sustala=s motion by order dated August 29, 2005 (the AAugust 29 order@), and Sustala subsequently moved
that the court hold the Ashes in contempt for failing to comply with that
order.  A hearing was conducted on March 6 and 7, 2006,[2]
resulting in the trial court=s contempt judgment and its commitment order that are the
subject of relator=s habeas corpus petition.  In the contempt judgment, relator
was sentenced to jail for one-month or Auntil he purges himself of contempt
by performing those things set out in the [August 29 order].@[3]  The commitment order also stated
relator was to remain confined until he complied with the August 29 order. 
Currently, relator is out of jail on a $5000 bond.

Standard of Review








An
original habeas corpus proceeding is a collateral attack on a contempt
judgment.  In re Broussard, 112 S.W.3d 827, 831 (Tex. App.CHouston [14th Dist.] 2003, orig.
proceeding).  The purpose of a writ of habeas corpus is not to determine the
guilt or innocence of the contemnor, but only to determine whether he was
afforded due process of law or the order of contempt is void.  Id.  A
court will issue a writ of habeas corpus if the order underlying the contempt
order is void, or if the contempt order itself is void.  In re Nesevitch,
93 S.W.3d 510, 512 (Tex. App.CHouston [14th Dist.] 2002, orig. proceeding).  To grant
relator the requested relief, we must find that the trial court=s order directing relator=s incarceration is void either
because it is beyond the court=s power to issue, or because it deprives relator of his
liberty without due process of law.  In re Henry, 154 S.W.3d 594, 596
(Tex. 2005); In re Broussard, 112 S.W.3d at 831.  On review, we do not
weigh the proof and determine whether it preponderates for or against the
relator; we determine only if the contempt judgment is void.  Ex parte
Chambers, 898 S.W.2d 257, 259B60 (Tex. 1995).[4] 


Discussion


 In his
petition, relator raises six issues; however, because it is dispositive, we
address only his argument regarding the specificity of the August 29 order. 
That order states as follows:

It is therefore ORDERED that Defendants Billy and
Jimmy Ash shall each cause to be secured . . . all necessary permits, and shall
provide all necessary labor and materials, to connect the air conditioning unit
and the water supply to the property . . . . It is further ORDERED that
[Sustala] shall pay for the electrical and water utilities for the property
until further order of this Court, or trial on the merits. [Sustala] is hereby
ruled to not move into said property once the electricity is connected.  

Relator
contends that the August 29 order is not sufficiently specific to be
enforceable by contempt because, though it expressly requires him to obtain
permits and provide labor necessary to Aconnect the air conditioning unit,@ it does not specify the exact scope
of his duty to Aconnect.@  In response, real party argues that connecting the
air-conditioning unit is a straightforward task and thus, the August 29 order
is enforceable by contempt.[5]








A
criminal contempt conviction for disobedience to a court order requires proof
beyond a reasonable doubt of:  (1) a reasonably specific order;  (2) a
violation of the order;  and (3) the willful intent to violate the order.  Ex
parte Chambers, 898 S.W.2d at 259.  The order underlying a contempt
judgment must set forth the terms of compliance in clear, specific, and
unambiguous terms so that the person charged with obeying the order will
readily know exactly what duties and obligations are imposed upon him. Id.
at 260; In re Houston, 92 S.W.3d 870, 877 (Tex. App.CHouston [14th Dist.] 2002, orig.
proceeding).  The question of whether an order is enforceable by contempt
depends on whether the order is definite and certain, and the focus is on the
wording of the judgment itself.  Ex parte Reese, 701 S.W.2d 840, 841
(Tex. 1986).  If the court=s order requires inferences or conclusions about which
reasonable persons might differ, it is insufficient to support a judgment of
contempt.  Ex parte Chambers, 898 S.W.2d at 260.  Only reasonable
alternative constructions, however, prevent enforcement of the order.  Id. 
AThe order need not be full of
superfluous terms and specifications adequate to counter any flight of fancy a
contemnor may imagine in order to declare it vague.@  Id. 

In this
case, the plain language of the order states that relator is required to secure
all permits and provide the necessary labor and materials to Aconnect@ the air-conditioning unit to the
home.  We agree with relator that an ambiguity arises in the interpretation of
the term Aconnect.@   To illustrate the ambiguity, consider that the trial court and Sustala
construed the August 29 order as requiring relator to ensure that electric
service was actually provided to the home.  By contrast, relator asserts that
his duty to Aconnect@ meant only that the air-conditioning unit was Ahooked up,@ or attached,[6]
to the home so that it would be operational once the electricity was turned on
by the utility company.








In sum,
there is an ambiguity in the August 29 order as to what was required of relator
to Aconnect@ the air-conditioning unit to the
home.  AConnect@ was construed by the trial court and
Sustala as requiring that electric service be provided to the home.  It is not
clear from the August 29 order=s plain language that electric service had to be turned on. 
The August 29 order merely requires relator to Aprovide the necessary labor and
material to connect@ the air-conditioning unit to the home.  Thus, because the
order does not facially advise relator with sufficient certainty what was
required of him, it is unenforceable.  See, e.g., Ex parte Reese,
701 S.W.2d at 842; Ex parte Glover, 701 S.W.2d 639, 640 (Tex. 1985); see
also Zeolla v. Zeolla, 15 S.W.3d 239, 242 (Tex. App.CHouston [14th Dist.] 2000, pet.
denied) (stating that consent judgment with a latent ambiguity was not specific
enough to enforce by contempt).  Because the contempt and commitment orders are
based on an unenforceable order, they are void.[7]

Conclusion


The August 29 order is ambiguous and
vague, and cannot be enforced by contempt.  Therefore, we conclude that the
trial court=s contempt judgment is void, and we order relator,
Jimmy Ash, discharged and the return of the $5000 bond.  

 

 

 

 

 

/s/        Adele Hedges

Chief Justice

 

Petition Granted and Memorandum Opinion filed June 29, 2006. 


Panel consists of Chief Justice Hedges, and Justices Yates
and Guzman.  









[1]Although Sustala also filed suit against Toby Smith,
the individual from whom he was purchasing the lot, Smith is not a party to
this original proceeding.





[2]A first contempt hearing was held on January 9, but
because relator had not been properly served, real party requested and was
granted a continuance.





[3]Following the contempt hearing, relator was taken into
custody.





[4]The distinction between civil and criminal contempt
affects a due process analysis.  In re Johnson, 150 S.W.3d 267, 271
(Tex. App.CBeaumont 2004, orig. proceeding) (op. on rhr=g).  Criminal contempt punishes for past violations,
while civil contempt coerces future actions because the contemnor can avoid
punishment by complying with the court=s
order.  Ex parte Busby, 921 S.W.2d 389, 391 (Tex. App.CAustin 1996, pet. ref=d).  Both criminal and civil contempt provisions may be contained in
one order, referred to as a Ahybrid@ order.  Ex parte Sanchez, 703 S.W.2d 955, 957
(Tex. 1986); Ex parte Busby, 921 S.W.2d at 391.  Here, the contempt
order imposed a jail sentence, a fine, and further ordered relator confined
until he could purge himself of the contempt by complying with the August 29
order.  Although the order permitted relator to purge himself of the jail
sentence, he could not purge himself of the fine; therefore, the contempt order
is a Ahybrid.@  See,
e.g., Ex parte Busby, 921 S.W.2d at 391 (concluding order containing
fine that could not be purged was a hybrid order). 





[5]Real party also asserts that relator approved the form
of the order, but he does not cite, nor did we find, any authority to support
the assertion that relator waived objections to an invalid contempt order by
merely approving the underlying order as to form.





[6]AConnect@ is
defined as Ato join, fasten or link together.@  Webster=s
Third New International Dictionary 480
(1993 ed.).





[7]Also, because the contempt order and commitment order
state only that relator must comply with the August 29 order to gain release,
those orders are similarly vague and violate relator=s due process rights.  See Ex parte Proctor,
398 S.W.2d 917, 918 (Tex. 1966).