**Ex parte Robert GLOVER and Adean Glover.**

**Nos. C–4126, C–4127.**

Supreme Court of Texas.

Oct. 30, 1985.

Rehearing Denied Jan. 22, 1986.

Jackson, Sorrels, Shapiro & Anton, Bruce Anton, Dallas, for relators.

Thornton & Price, W.W. Price, Jr., Olney, for respondent.

SPEARS, Justice.

The Glovers bring this original habeas corpus action after the district court confined them and then released each of them on a $500.00 bond. We must decide whether the Glovers violated a judgment whose terms are sufficiently clear to support contempt.

In 1964, O.C. Sanders conveyed land to the Glovers, and the Glovers simultaneously loaned $1,810.08 to O.C. Sanders. In 1983, a Young County trial court found that the parties intended the deed as a mortgage to secure the debt. The trial court ordered the Glovers to:

> Reconvey to ... O.C. Sanders the lands described in the instrument declared herein as a mortgage upon the payment by ... O.C. Sanders of the moneys owed to [the Glovers], being the principal sum of $1,810.08, together with interest at the rate of ten percent (10%) per annum from August 26, 1964, less credit for payment of $924.00 received by [the Glovers] on January 20, 1978.

In November 1984, Sanders filed a motion for contempt, alleging that even though he tendered the proper amount to the Glovers, they refused to reconvey the land. The trial court held the Glovers in contempt of court. The Young County Sheriff took the Glovers into custody.

In their petition for habeas corpus, the Glovers contend that this court should order their release because the trial court's judgment is not sufficiently clear to support contempt. We agree.

█ An order sufficiently clear and definite to be enforceable by contempt must set out the terms of compliance so specifically and unambiguously that the party knows precisely the duties and obligations he must perform. *Ex Parte Hodges*, 625 S.W.2d 304 (Tex.1981). Further, the order cannot contain uncertainty or susceptibility of more than one construction or meaning. *Ex Parte Slavin*, 412 S.W.2d 43 (Tex.1967).

█ The uncertainty in the trial court's order stems from its failure to specify whether "interest at the rate of 10% per annum" means simple interest or compound interest. The Glovers did not know the amount of a proper tender that would trigger their duty to reconvey because ten percent per annum can mean compound interest as easily as simple interest.

Neither the Glovers nor the Sanders could ascertain the duties the judgment required of them; neither party knew with

certainty the amount of a proper tender. Because the judgment enforced by contempt is susceptible of more than one meaning, we hold the contempt order invalid, and we order the Glovers released.