**Verna Jean Adkins PERRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–86–112–CR.**

Court of Appeals of Texas,
Austin.

March 25, 1987.

Michael L. Brandes, Austin, for appellant.

Ronald Earle, Dist. Atty., Ann F. Mac-Murray, Asst. Dist. Atty., Austin, for appellee.

Before POWERS, GAMMAGE and CARROLL, JJ.

CARROLL, Justice.

Appellant, Verna Jean Adkins Perry, was convicted in a nonjury trial in Travis County for the offense of interference with child custody. Tex.Pen.Code Ann. § 25.03 (1974 & Supp.1987). Punishment was assessed at two years confinement in the Texas Department of Corrections, with the sentence probated. We will affirm the district court's judgment.

This appeal involves the sufficiency of evidence necessary to sustain a conviction under Tex.Pen.Code § 25.03. At trial, it was incumbent upon the State to prove the following elements:

(a) Appellant retained a child younger than 18 years out of Texas when she (1) *knew* that her retention *violated* the *express terms* of a judgment or order of a court disposing of the child's custody. (emphasis added).

.    .    .    .    .

The record reflects that on February 5, 1985, appellant and her former husband, Victor Adkins, entered into an out-of-court consent decree regarding the custody of their five-year-old son, Vincent Michael Adkins. This decree, which was approved by the 44th Judicial District, Division I, of Douglas County, Missouri, awarded custody to Victor Adkins. At that time, appellant was living in Missouri, and Victor and Vincent Adkins were living in Texas. Sometime later, appellant moved to California.

In December 1985, pursuant to the visitation terms of the Missouri decree, Vincent flew to California to see appellant. However, upon conclusion of the Christmas vacation period, appellant failed to return Vincent to his father, and as a result was ultimately indicted and found guilty of interfering with child custody.

In her only point of error, appellant claims she did not violate the "express terms" of the Missouri decree, since the terms of the decree are ambiguous regarding who would pay Vincent's return trans-

portation costs. The provisions in question in the Missouri decree provide:

2. Respondent [Verna Jean Perry] shall have specific visitation with said child as follows:

Two weeks during the summer of 1985, at a time to be agreed upon by the parties;

Christmas vacation from December 23 through December 31 of every other year beginning with Christmas 1985, and

.  .  .  .  .

3. Transportation shall be provided by Respondent [Verna Jean Perry] for the visitation of the summer of 1985 and each Christmas vacation. Transportation for the Christmas 1985 visit shall be provided by Respondent [Verna Jean Perry] to have said child taken to her for visitation and by Petitioner [Victor Adkins] to return said child to him for custody.

.  .  .  .  .

(Underlined portions reflect handwritten additions to the original typewritten document). In other words, appellant claims she would have sent Vincent back to his father if Victor had paid for the return flight as appellant claims he was required to do under the terms of the consent decree.

In reviewing the sufficiency of the evidence to sustain a criminal conviction, the standard we apply is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *McGolderick v. State*, 682 S.W.2d 573, 577 (Tex.Cr.App.1985). Furthermore, we are mindful that the trier of fact is the sole judge of the weight and credibility of the witnesses and may believe or disbelieve all or any part of any witness' testimony. *See Williams v. State*, 692 S.W.2d 671, 676 (Tex.Cr.App.1984).

Victor Adkins testified at trial that before sending Vincent to California to visit appellant, he verified appellant's place of residence, employment, and confirmed the plane reservations made by appellant for the return flight. The carefulness exhibit-

ed by Victor appears related to an incident in 1984 when following a visitation period, appellant refused to return Vincent to Victor Adkins, the named managing conservator under a Minnesota decree. This 1984 incident led to the Missouri consent decree in question here.

When Vincent failed to arrive in Austin as scheduled, Victor attempted to contact appellant at her California residence. Although the record is not clear who answered this call, Victor testified he was told that appellant had moved. He then telephoned appellant's place of employment where he was told that no one named Verna Jean Perry or Jean Adkins worked there. After he described appellant, he learned she was working there under an assumed name, "Jeana Whitmore," and was then able to talk to her by telephone. Victor testified that during this conversation appellant stated she wanted to keep Vincent and that they would have to go back to court.

In an attempt to locate Vincent and regain custody, Victor contacted the District Attorney's Office in San Bernardino, California, which is near appellant's residence. An investigator from that office apparently tried also to locate appellant and Vincent, but was unsuccessful. Appellant, in contrast, testified that Victor never attempted to contact her, and had he contacted her she would have sent Vincent back to Austin, provided Victor paid for Vincent's return airplane ticket.

As noted earlier, appellant pitches her case on paragraph three of the Missouri decree and contends that the additions made at the time of the decree by the parties and their attorneys rendered the instrument ambiguous. Accordingly, she claims the decree's terms are too indefinite to sustain a conviction under Tex.Pen.Code § 25.03(a)(1). *Cf. Ex parte Glover*, 701 S.W.2d 639, 640 (Tex.1986) (an order sufficiently clear and definite to be enforceable by contempt must set out the terms of compliance specifically and unambiguously). Appellant does not, however, deny that she retained custody of her son be-

yond the visitation time period prescribed in the decree.

Although we note some merit to appellant's contentions with respect to paragraph three, we disagree that paragraph three is the key to resolving this appeal. Appellant's argument in essence asks us to consider certain portions of the consent decree in isolation without reference to other portions of the decree which are free of any ambiguity. When read as a whole, the Missouri decree unambiguously sets forth the beginning and ending dates for the 1985 Christmas vacation period. Paragraph two clearly states that appellant's visitation rights ended on December 31, 1985. As a consequence, when appellant withheld the child from his father beyond that date, for *whatever reason,* she was in violation of the Missouri decree. If appellant acted *knowing* her retention of Vincent was in violation of the Missouri decree, her conduct also constituted an offense under Tex.Pen.Code § 25.03(a)(1); *see Roberts v. State,* 619 S.W.2d 161 (Tex. Cr.App.1981).

After reviewing the evidence and considering it in the light most favorable to the prosecution, we have no difficulty concluding that the trial court could have found all elements of the crime beyond a reasonable doubt. Not only did the Missouri decree clearly state when the 1985 Christmas visitation was to end, but based upon Victor Adkin's testimony, the trial court could have concluded appellant *knew* when her visitation rights ended but nevertheless elected to retain possession of the child.

Judgment of the district court is affirmed.