Ex parte Edward James
MALONE, Relator.

No. 01–90–00181–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

March 29, 1990.

Robert B. Peltier, Houston, for relator.

Patsy Young, Houston, for respondent.

Before WARREN, COHEN and
DUNN, JJ.

## OPINION

WARREN, Justice.

Our opinion of March 14, 1990 is withdrawn and the following substituted in its place.

The 309th District Court of Harris County held EDWARD JAMES MALONE in contempt for not paying court ordered child support of $20 per week. The court ordered him jailed for 180 days, and thereafter, until he paid $3200 in child support arrearage, $1,237.50 in attorney fees, and $202 in court costs.

Relator asserts his confinement is illegal because: (1) the divorce decree is not specific; (2) his duty of support has terminated; and (3) the trial court lacks jurisdiction to enforce the child support order.

Relator contends the decree is not specific enough to uphold a contempt charge because it does not state when the child support payments were to begin. The decree states that payments begin on "November 9." While no year is stated, we hold that the normal meaning of this language is that the payments were to start immediately.

■ Relying on *Ex parte Griffin*, 712 S.W.2d 214 (Tex.App.—San Antonio 1986, orig. proceeding), relator contends the divorce decree is not specific enough because it does not order him to pay child support to a specific person. We rejected this contention in *Ex parte Mulkey*, 776 S.W.2d 308, 310 (Tex.App.—Houston [1st Dist.] 1989, orig. proceeding). Moreover, *Griffin* is distinguishable because the decree did not appoint a managing conservator.

The divorce here names Bernice Malone managing conservator and recites that relator

is to pay TWENTY AND NO NO/100 [sic] ($20.00) DOLLARS a week beginning on Friday the 9th day of November and a like amount each succeeding Friday thereafter until the child reaches age eighteen (18) years, or until further orders of the Court, payable through the Harris County Probation Department.

We hold that the decree adequately informs relator what he must do and when he must do it. *See Ex parte Conoly*, 732 S.W.2d 695, 697 (Tex.App.—Dallas 1987, orig. proceeding) (designation of county child support office as place to make payments is sufficiently specific).

Relator's first and second points of error are overruled.

■ In his third and fourth points of error relator asserts that the duty of support imposed by the divorce decree terminated under its own terms, and the trial court lost jurisdiction because the managing conservator did not file her motion for contempt within six months of the court losing its jurisdiction.

The trial court had twice previously held relator in contempt for failure to pay child support. Relator contends that the previous contempt orders were "further orders of the court" relieving him of the obligation to pay *any* further child support. He further contends that, because his duty of support terminated after the last contempt order on December 11, 1986, this proceeding had to be brought within six months thereafter. TEX.FAM.CODE ANN. § 14.40 (Vernon 1985). § 14.40 provides:

(b) Time Limitations. The court retains jurisdiction to enter a contempt order if the motion for contempt is filed within six months after:

(2) the date on which the child support obligation terminates pursuant to the decree or order or by operation of law.

We hold that relator has a continuing duty to pay child support that is not terminated by the prior contempt orders. TEX. FAM.CODE ANN. § 4.02 (Vernon 1985) provides:

[E]ach parent has the duty to support his or her child, during the period that the child is a minor, and thereafter so long as the child is fully enrolled in an accredited primary or secondary school in a program leading toward a high school diploma, until the end of the school year in which the child graduates.

Neither of the earlier contempt orders affected relator's obligation to pay child support. Indeed, the first contempt order specifically stated that:

All aforesaid payments provided for herein shall be in addition to the payments for child support provided for in the Order of this court signed the 9 day of November, 1973.

To hold otherwise would give a parent the power to avoid his child support obligation by being held in contempt. We hold that the duty of support was not terminated, and the trial court had jurisdiction.

We overrule relator's third and fourth points of error.

Relief is DENIED.