Petition for Writ of
Habeas Corpus Denied and Memorandum Opinion filed December 2, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00973-CV

____________

 

IN RE SHARON PEEBLES, Relator

 

 

 



ORIGINAL PROCEEDING

WRIT OF HABEAS CORPUS

 

 

 



MEMORANDUM
OPINION

On October 7, 2010, relator Sharon Peebles was held
in contempt and sentenced to 60 days in jail for violating a possession order. 
Among other things, the possession order required her to (1) give notice to the
child’s other parent and the school if the child was not to be returned to
school when her visitation ended, (2) give 72 hours’ notice of out-of-county
travel, and (3) refrain from making derogatory or disparaging remarks about the
other parent in the presence of or within the hearing distance of the child. 
On October 8, 2010, Peebles filed a writ of habeas corpus in this court
challenging the trial court’s commitment order.  

Background

Peebles and real party Kathryn Dietrich adopted a daughter
nine years ago when the child was one year old.  On May 17, 2006, the parties
entered into an Agreed Order in Suit Affecting the Parent-Child Relationship
(SAPCR).  The order named Dietrich and Peebles as joint managing conservators
of the child.  The order required each conservator to comply with all terms and
conditions of the modified standard possession order.  The order imposed the
following requirements on Peebles:

Notice to School and KATHRYN DIETRICH.  If SHARON PEEBLES’
time of possession of the child ends at the time school resumes and for any
reason the child is not or will not be returned to school, SHARON PEEBLES shall
immediately notify the school and KATHRYN DIETRICH that the child will not be
or has not been returned to school.

Overnight Travel Notification.  If either conservator
intends to travel outside the boundaries of Harris County, Texas. the traveling
conservator is ORDERED to provide to the other conservator, no later than
seventy-two (72) hours prior to the scheduled time of travel of that
conservator’s intent to travel with the child and shall provide to the other
conservator, the destination of the travel including telephone number for
emergency contact, date and time of departure, date and time of return, and how
the conservator and child will be traveling.

Further, the SAPCR
permanently enjoined both parties from

[m]aking any derogatory or disparaging remarks about the
other conservator, the other conservator’s family, friends, or significant
other, in the presence of or , within the hearing distance of the child, or
from allowing any person in the presence of or within the hearing distance of
the child to make any derogatory or disparaging remarks about the other
conservator or the other conservator’s family, friends, or significant other.

On August 4, 2010, Dietrich filed an amended motion
for enforcement alleging that Peebles violated the above-quoted portions of the
SAPCR.  On October 7, 2010, the trial court held a hearing on Dietrich’s motion
at which Dietrich testified about an incident that occurred at the child’s
school.  The school hosted a cultural event on an evening when Peebles was to
have visitation with the child.  Both Dietrich and Peebles attended the event. 
The child accompanied Peebles, but approached Dietrich to tell Dietrich about artwork
displayed in the school hallway.  At that moment, Peebles grabbed the child and
said, “[Y]ou know how much I hate Kathy.  If she’s here we’re leaving.”  Peebles
then forcibly removed the child from the school.  Dietrich’s testimony about
the incident was corroborated by another parent whose child attends the school.

Dietrich testified about another event that occurred
at Peebles’ home on the night an amicus attorney was scheduled to visit the
child in Peebles’ home.  Dietrich drove the child to Peebles’ home and rang the
doorbell.  Peebles and a companion answered the door with their dog.  The dog
was barking, and Peebles instructed the dog, “Kill.  Kill.  Kill.”  

Dietrich also testified that Peebles’ possession of
the child ended at the time school was to resume on March 12, 2010.  Although
the child was not ill, Peebles did not take the child to school that day.  Peebles
failed to notify Dietrich or the school that the child would not attend school
that day.  During Peebles’ testimony, she was asked whether she took the child
to school on March 12, 2010.  Peebles refused to answer the question and
invoked her Fifth Amendment privilege against self-incrimination.  

Dietrich further testified that Peebles failed to
give her 72 hours’ notice when she traveled outside Harris County with the
child.  With regard to this incident, both parents agreed on the facts; they
disagreed about the interpretation of those facts.  Peebles had an extended
summer possession of the child for July 2010.  In June, Peebles notified
Dietrich that she intended to spend the month of July with her mother in Waco. 
The child’s birthday is July 29.  On her birthday, Dietrich is entitled to a
two-hour visitation with the child.  Therefore, on July 29, Peebles drove the
child to Houston and delivered her at 6:00 p.m. to Dietrich for her
visitation.  When Dietrich returned the child at 8:00 p.m., Peebles drove back
to Waco.  Peebles did not give 72 hours’ notice of her return trip to Waco.

At hearing’s conclusion, the trial court found
Peebles violated the SAPCR by failing to notify the school and Dietrich that
the child would not attend school on March 12, 2010; failing to give 72 hours’
notice of travel outside the county; and using derogatory and disparaging
remarks at the school and at her home.  The court assessed punishment for each
separate violation at 60 days in the Harris County Jail, with each period of
confinement to run concurrently.

Although the sentences were to run concurrently, the
court also ordered the total sentence “not to exceed a cumulative total of 180
days, with 120 days of said sentence to be probated.”  The court further
ordered that Peebles “shall remain on probation for 8 years following her
release from incarceration under community supervision.”  The court ordered
that any further violations of the SAPCR would be considered a violation of
probation and would require Peebles to serve “the remainder of the 180 day
sentence.”

Habeas
Standard

This court will issue a writ of habeas corpus if the
contempt order is void because it deprives the relator of liberty without due
process of law or because it was beyond the power of the court to issue.  Ex
parte Swate, 922 S.W.2d 122, 124 (Tex. 1996).  In a habeas corpus action
challenging confinement for contempt, the relator bears the burden of showing
that the contempt order is void.  In re Coppock, 277 S.W.3d 417, 418
(Tex. 2009).  The contempt order must clearly state in what respect the court’s
earlier order has been violated and must clearly specify the punishment imposed
by the court.  Ex parte Shaklee, 939 S.W.2d 144, 145 (Tex. 1997). 
Moreover, a person cannot be sentenced to confinement unless the order unequivocally
commands that person to perform a duty or obligation.  Ex parte Padron,
565 S.W.2d 921, 921 (Tex. 1978).

Analysis

Peebles raises two issues challenging the trial
court’s contempt order.  First, she contends that the commitment order is
void.  Second, she contends that she was entitled to a jury trial on certain
fact issues.

I.         Is
the Commitment Order Void?

A.    Failure
to Provide Notification of School Absence

Peebles argues the commitment order is void because
the language contained in the amended motion for enforcement does not contain
decretal language.  Peebles challenges the trial court’s finding that she
violated the order by failing to notify the school or Dietrich that the child
would not attend school on March 12, 2010.  The SAPCR orders each conservator
to comply with all terms and conditions of the Modified Standard Possession
Order.  One of the general conditions of the possession order requires Peebles
to return the child to school if her visitation period ends on a regular school
day.  If the child will not attend school, Peebles is ordered to notify
Dietrich and the school that she will not attend.  The trial court, in a
previous order, found the requirement that Peebles return the child to school
is enforceable by contempt because of the decretal language found in paragraph
one of the Modified Standard Possession Order.[1]  Peebles does not
dispute this finding, but argues similar decretal language is required in the
motion for enforcement.

Due process requires that before a court can assess
punishment for contempt not committed in its presence, the accused must have
full and complete notification of the subject matter and the means of
notification must state when, how and by what means the individual is guilty of
the alleged contempt.  Ex parte Edgerly, 441 S.W.2d 514, 516 (Tex. 1969). 
A constructive contemnor must be given complete notification and a reasonable
opportunity to meet the charges by way of defense or explanation. Ex parte
Gordon, 584 S.W.2d 686, 688 (Tex. 1979).  A contempt judgment rendered
without proper notification is a nullity.  Id.  Among the due process
rights accorded an alleged contemnor is the “right to reasonable notice of each
alleged contumacious act.”  Ex parte Brister, 801 S.W.2d 833, 835 (Tex. 1990)
(Cook, J., concurring).  Without that notice, the contempt judgment is void.  Ex
parte Gordon, 584 S.W.2d at 688.

The motion for enforcement alleged that Peebles
violated the SAPCR by failing to (1) return the child to school on March 12,
2010, and (2) notify the school and Dietrich immediately that the child would
not be returned to school that day.  The motion specifically quoted section
g(9) of the order, which requires Peebles to return the child to school at the
conclusion of her visitation or notify Dietrich and the school that the child will
not be returned to school.  The motion for enforcement provided Peebles with
sufficient notice of when, how, and by what means she was guilty of the alleged
contempt.  With regard to the violation of condition g(9) governing absence
from school, the contempt order is enforceable.

B.     Derogatory
or Disparaging Remarks

Peebles argues that this finding of contempt is not
enforceable because neither comment is derogatory or disparaging.  We agree. 

The order underlying a contempt judgment must set
forth the terms of compliance in clear, specific, and unambiguous terms so that
the person charged with obeying the order will readily know exactly what duties
and obligations are imposed upon her.  Ex parte Chambers, 898 S.W.2d
257, 259 (Tex. 1995).  Determining whether an order is enforceable by contempt
depends on whether the order is definite and certain, and the focus is on the
wording of the judgment itself.  Ex parte Reese, 701 S.W.2d 840, 841
(Tex. 1986).  If the court’s order requires inferences or conclusions about
which reasonable persons might differ, it is insufficient to support a judgment
of contempt.  Chambers, 898 S.W.2d at 260.  Only reasonable alternative
constructions, however, prevent enforcement of the order.  Id.  “The
order need not be full of superfluous terms and specifications adequate to
counter any flight of fancy a contemnor may imagine in order to declare it
vague.”  Id.

The court’s order prohibits either party from making
“any derogatory or disparaging remarks” about the other parent in the presence
or hearing of the child.  The order does not define derogatory or disparaging
remarks.  The Merriam-Webster dictionary defines “derogatory” as “detracting
from the character or standing of something[.]”  Merriam Webster Dictionary (Ninth
ed. 1991).  “Disparage” is defined as “to depreciate by indirect means (as
invidious comparison) speak slightingly about.”  Id.  During the hearing
on the enforcement order, Dietrich testified that the sole basis for her
allegation that Peebles made derogatory and disparaging remarks was Peebles’
statement of opinion about Dietrich.  

Peebles’ statement, “I hate Kathy” was an expression
of Peebles’ opinion.  It was not a statement that detracted from Dietrich’s
character, nor was it a deprecation by indirect means.  If anything, it was a
statement that detracted from Peebles’ character in that she would utter such
an opinion to her child.  The statement, “Kill.  Kill.  Kill.” was made to the
dog and was not made about anyone.  What constitutes derogatory or disparaging
language is largely “in the eye of the beholder.”  See Coppock, 277
S.W.3d at 418.  In this case, Peebles did not make a derogatory or disparaging
remark about Dietrich in the child’s presence.  She merely expressed her
opinion that she “hated” Dietrich.  Under these facts, Peebles did not violate
the SAPCR.

C.    Violation
of 72-Hour Notice Requirement

Peebles argues the trial court’s construction of the
72-hour notice requirement leads to an impermissibly absurd result.  To be
enforceable by contempt, a decree must “set forth the terms of compliance in
clear, specific and unambiguous terms so that the person charged with obeying
the decree will readily know exactly what duties and obligations are imposed
upon him.”  Ex parte Acker, 949 S.W.2d 314, 317 (Tex. 1997).  The order
may not be susceptible to more than one interpretation.  Ex parte Glover,
701 S.W.2d 639, 640 (Tex. 1985).  

Peebles gave the required 72-hour notice when she told
Dietrich that she would keep the child in Waco for the month of July. 
According to the possession order, Peebles has an extended period of possession
for the entire month.  The possession order further requires Peebles to
“present possession of the child on the child’s birthday,” and “that
conservator shall have possession of the child beginning at 6:00 p.m. and
ending at 8:00 p.m. on that day, provided that that conservator picks up the
child from the other conservator’s residence and returns the child to that same
place.”  In driving the child to Houston on her birthday, Peebles complied with
this provision.  

To uphold the contempt finding, this court would have
to read the order as requiring a second 72-hour notice period for returning
with the child to Waco.  The appropriate travel notice was given at the
beginning of the month, and the child was returned promptly at the end of the
month.  Therefore, the portion of the order finding Peebles in contempt for failure
to give 72 hours notice of her return to Waco is not enforceable.

 

D.    Severance
of Void Portions

The void portions of the order relating to contempt
do not make the entire order void because the trial court listed the contempt
sentences separately.  The void portions are capable of being severed from the
valid portions of the order.  See In re Ross, 125 S.W.3d 549, 553 (Tex.
App.—Austin 2003, orig. proceeding).  Accordingly, we sustain Peebles’ first
issue in part and modify the trial court’s order by striking the violation of
the notice requirement and violation of the permanent injunction as void.  

E.     Contempt
Sentence

The trial court sentenced Peebles as follows:

IT IS ORDERED that punishment for each separate violation
is assessed at confinement in the county jail of Harris County, Texas, for a
period of 60 days.

IT IS THEREFORE ORDERED that SHARON PEEBLES is committed to
the county jail of Harris County, Texas for a period of 60 days for each
separate violation enumerated above.

IT IS ORDERED that each period of confinement assessed in
this order shall run and be satisfied concurrently, not to exceed a cumulative
total of 180 days, with 120 days of said sentence to be probated.

* * * * *

IT IS ORDERED that SHARON PEEBLES shall remain on probation
for 8 years following her release from incarceration under community
supervision. It is further ORDERED that any further violations of the Court’s
order of May 17, 2006 shall be considered a violation of such probation and
SHARON PEEBLES shall be incarcerated to serve the remainder of the 180 day
sentence.

Because we have determined that two of the three
violations found in the order are void, we reform Peebles’ sentence to reflect
confinement of no more than 60 days in the Harris County Jail.

Further, we find no authority for the trial court to
place Peebles on probation for eight years.  The only authority in the Texas
Family Code for probation is in sections 157.211 through 157.217.  These
sections of the code apply in child support and paternity cases.  See Ex
parte Byram, 679 S.W.2d 762, 765 (Tex. App.—Fort Worth 1984, orig.
proceeding).  Therefore, the portion of the trial court’s order requiring
Peebles to remain on probation for eight years is not enforceable.

II.        Was
Peebles Entitled to a Jury Trial?

In her second issue, Peebles argues she was entitled
to a jury trial on questions of fact raised in the contempt hearing.  The right
to a jury trial depends upon whether the offense can be classified as “petty”
or “serious.”   Ex parte Werblud, 536 S.W.2d 542, 546 (Tex. 1976).  A
sentence up to six months is a petty offense, and may be imposed without a jury
trial.  Id.  Because Peebles was not sentenced to more than 180 days in
jail, she is not entitled to a jury trial.  Peebles argues that Werblud
was wrongly decided.  We are obliged to follow binding precedent from the Texas
Supreme Court on this issue.

Conclusion

We conclude the trial court’s contempt findings of violations
of the permanent injunction and the 72-hour travel notification are void as
unenforceable.  Accordingly, we modify the trial court’s order by (1) striking
as void the trial court’s findings that Peebles is in contempt for violation of
the permanent injunction and the 72-hour notice requirement, (2) reforming
Peebles’ sentence to reflect confinement for no more than 60 days in the Harris
County Jail, and (3) striking the requirement that Peebles remain on probation
for eight years.  In all other respects, Peebles’ petition for writ of habeas
corpus is denied.  See Tex. R. App. P. 52.8(c).

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Anderson, Boyce, and Christopher.









[1]
This order was signed by the Honorable Frank Rynd, who resigned from the bench
between the time he signed the previous order and the time the current order
was signed.  Peebles did not challenge Judge Rynd’s finding at the time, nor
does she challenge it in this proceeding.