Opinion issued March 14, 2011

 

 

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00170-CV

———————————

IN RE John Tsertos, Relator



 



 

Original Proceeding on Petition for Writ of Habeas
Corpus



 



 

MEMORANDUM OPINION

          On March 7, 2011, relator, John
Tsertos, was held in civil contempt and ordered confined to the Harris County
Jail until he complied with the trial court’s March 6, 2003 and May 19, 2009
orders in the underlying suit.*  The underlying orders compelled relator to
turn over certain documents to the appointed receiver. Relator has filed a
petition for writ of habeas corpus, asserting that the underlying March 6, 2003
order is “void because it is not sufficiently clear enough to enforce by
contempt.”  We deny the petition for writ
of habeas corpus.

The purpose of a habeas corpus
proceeding is not to determine the ultimate guilt or innocence of the relator,
but only to ascertain whether the relator has been unlawfully restrained. Ex parte Gordon, 584 S.W.2d 686, 688
(Tex. 1979). The presumption is that the order is valid. In re Turner, 177 S.W.3d 284, 288 (Tex. App.—Houston [1st Dist.]
2005, orig. proceeding).  A writ of
habeas corpus will issue if the trial court’s contempt order is beyond the
court’s power or if the court did not afford the relator due process of law. Id. The relator bears the burden of
showing that he is entitled to relief. Id.

To be enforceable by contempt, the underlying order must set
forth the terms of compliance in clear, specific, and unambiguous terms so that
the person charged with obeying the order will readily know exactly what duties
and obligations are imposed upon him.  In re Houston, 92 S.W.3d 870, 877 (Tex.
App.—Houston [14th Dist.] 2002, orig. proceeding).  The order may not be susceptible to more than
one interpretation. Id. (citing Ex parte Glover, 701 S.W.2d 639, 640
(Tex. 1985)).  

The same specificity requirement
applies to the contempt order as well.  Id. A contempt order is insufficient if
its interpretation requires inferences or conclusions about which reasonable
persons might differ.  Id.  When civil contempt is imposed, the contempt
order must spell out exactly what duties and obligations are imposed and what
the contemnor can do to purge the contempt. Id.


          Here, in the underlying March 6, 2003
order, the trial court ordered relator to produce to the appointed receiver,
within five days, the following documents:

(1)            
The most recent bank statements from any and
all banks and Savings and Loan Associations.

(2)            
Titles and bills
of sale to all automobiles, airplanes, boats, motorcycles, trailers, trucks,
and other such vehicles owned by [relator] for
the past two years.

(3)            
Stocks, certificates,
bonds or other securities owned by [relator] in privately held or publicly
traded companies or institutions for the
past two years.

(4)            
Receipts for
office furniture and all other personal property owned by [relator] for the past two years.

(5)            
All deeds for
real estate in which [relator] owns or owned any interest for the past two years.

(6)            
All residential
and commercial leases to which [relator] is a party or has been a party.

(7)            
Any and all
certificates of deposit or money market certificates owned by [relator] for the past two years.

(8)            
Any and all
promissory notes payable in whole or in part to [relator] for the past two years.

(9)            
Any and all
minute books, ledger[s], corporate records and resolutions pertaining to
[relator].

(10)       
[Relator’s]
federal tax return[s] for the past two years.

(11)       
Any and all
assumed name certificates under which [relator] does business.

(12)       
[Relator’s] most
recent balance sheet.

(13)       
[Relator’s] most
recent financial statement.

(14)       
All documents
evidencing a transfer of [relator’s] property for the past four years.

(15)       
Any and all
contracts to which [relator] is a party or under which [relator] has any
present or future rights.

 

(Emphasis
added.)   

Specifically, relator contends that the language, “most
recent” and “for the past two years,” emphasized above, is too vague, citing Ex parte Gordon, 584 S.W.2d 686 (Tex. 1979), and Ex parte Acker, 949 S.W.2d 314 (Tex. 1997).  In Gordon,
the trial court rendered a contempt judgment predicated upon an accusation
different from that contained in the order to show cause. 584 S.W.2d at 689.  In Acker,
a child-support case, the divorce decree signed in November 1990 specified that
insurance payments were to commence in “June.”  949 S.W.2d at 317.  In holding that the obligation was too vague
to enforce by contempt, the supreme court held that there was simply no way to
determine with sufficient certainty which year the insurance obligation was to
begin. Id.  Relator does not offer any argument in the
instant case regarding why he believes the language in the underlying order cannot
be determined with sufficient certainty. 


In Ex parte Malone,
a precise year was omitted from the date of the obligation stated in the
underlying decree. 788 S.W.2d 411, 411 (Tex. App.—Houston [1st Dist.] 1990,
orig. proceeding).   This court considered the “normal meaning” of
the language used, held that the obligation was immediate, and held that the
order was sufficiently clear to enforce by contempt.  See id.
at 411–12.

The underlying order in this case, which was signed March 6,
2003, ordered that relator produce various documents “within five (5)
days.”  The normal meaning of the “most
recent” bank statements can only mean the last reporting cycle available at the
time.  The normal meaning of the language
“for the past two years” can only mean the two years preceding the court’s
order.  The trial court’s order was not too
vague at the time it was signed.  See, e.g., Ex parte Thomas, No. 06-00-00147-CV, 2000 WL 1804700, at *4 (Tex.
App.—Texarkana Dec. 11, 2000, orig. proceeding) (not designated for
publication).  That relator has allowed
eight years to elapse without fully complying with the court’s 2003 order does
not now create uncertainty.  The
underlying 2003 order specifies the documents that were to be produced.  The trial court’s 2011 contempt order states
which documents remain missing and what relator must do to purge the
contempt.  Relator has not challenged the
specificity of the contempt order.

 

We conclude
that relator has not met his burden to show that he is entitled to habeas
relief.   We deny the petition for writ of habeas corpus.  All
other pending motions are denied as moot.

PER CURIAM

Panel
consists of Justices Keyes, Higley, and Massengale.

 











*
          The underlying suit is First
Canadian Bancorp Invs., Inc. v. John Tsertos, No. 2001-22351, in the 11th
District Court of Harris County, Texas, the Honorable Mike Miller presiding.