

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00390-CV

**In re Onesimo M. MEDINA**

Original Mandamus Proceeding[1]

Opinion by:     Irene Rios, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
               Irene Rios, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: February 17, 2021

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED IN PART AND
DENIED IN PART

In his mandamus petition, relator Onesimo M. Medina ("Onesimo") seeks a writ of

mandamus directing the trial court to vacate its contempt order, compel arbitration, and stay part

of a contempt proceeding. We conditionally grant the petition in part and deny the petition in part.

### BACKGROUND

Onesimo and Maricela M. Medina ("Maricela") were divorced. In the divorce decree, the

trial court ordered Onesimo to provide medical support for the couple's three children. The trial

court also ordered that a house in San Antonio, Texas, be sold and specified the manner in which

the sale would take place. Among other things, the decree provided that if the parties could not

---

[1]This proceeding arises out of Cause No. 2008-CI-05475, styled *In the Matter of the Marriage of Maricela M. Medina and Onesimo M. Medina*, pending in the 288th Judicial District Court, Bexar County, Texas, the Honorable Martha Tanner sitting by assignment.

agree on the list price for the house, then the list price "shall be determined by Victor H. Negron, Jr., arbitrator."

Thereafter, Maricela filed a motion to enforce the medical support and property provisions in the decree, asking the trial court to find Onesimo in contempt for failing to comply with these provisions or, alternatively, to clarify the provisions if they were not specific enough to be enforced by contempt. In response, Onesimo filed a motion asking the trial court to compel arbitration as to the sale of the house, claiming that he could not be held in contempt for violating the property provision because disputes about the sale of the house were subject to arbitration under the divorce decree.

The trial court held a hearing on Maricela's contempt motion. After the hearing, the trial court signed a contempt order. In its contempt order, the trial court found that Onesimo had violated the medical support provision by failing to make monthly medical support payments beginning on January 1, 2009, and continuing through August 1, 2019. The trial court also found that Onesimo had violated the property provision by failing to sign a listing agreement and place the house for sale with a real estate broker. The contempt order required Onesimo to repay the unpaid medical support arrearage and to sign a listing agreement, but it did not require Onesimo to serve jail time.

Onesimo subsequently filed a mandamus petition in this court. In his mandamus petition, Onesimo complains about the trial court's contempt order and the trial court's failure to compel arbitration and stay the contempt proceedings as to the property provision.

## CONTEMPT

We begin by addressing Onesimo's arguments concerning the trial court's contempt order. Onesimo argues the trial court abused its discretion by finding him in contempt for failing to pay medical support and for failing to sign a listing agreement for the sale of the house. Onesimo's

primary complaint is that the medical support and the listing agreement provisions are unenforceable by contempt. Onesimo further argues he is entitled to mandamus relief because he has no adequate appellate remedy.

Generally, to obtain mandamus relief, a relator must establish the trial court clearly abused its discretion and he has no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135-36 (Tex. 2004). A contempt order is not appealable. *In re Janson*, No. 19-1109, 2020 WL 7413707, at *2 (Tex. 2020) (orig. proceeding); *see In re Long*, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding). When the contemnor is not jailed, the proper mechanism for challenging a contempt order is by a writ of mandamus. *In re Janson*, 2020 WL 7413707, at *2; *In re Long*, 984 S.W.2d at 625. Because the contempt order in this case does not involve confinement, Onesimo's only possible remedy is by a writ of mandamus. *In re Janson*, 2020 WL 7413707, at *2; *In re Long*, 984 S.W.2d at 625. We conclude Onesimo has established one of the two requirements for mandamus relief—he has no adequate remedy by appeal.

We next determine if Onesimo has established the other requirement for mandamus relief—a clear abuse of discretion by the trial court. "To be enforceable by contempt, [the order] must set out the terms for compliance in clear and unambiguous terms." *Ex parte Brister*, 801 S.W.2d 833, 834 (Tex. 1990) (orig. proceeding). "The judgment must also clearly order the party to perform the required acts." *Id*. "[F]or a person to be held in contempt for disobeying a court decree, the decree must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him." *Ex parte Slavin*, 412 S.W.2d 43, 44 (Tex. 1967) (orig. proceeding). The court decree or order "must be as definite, clear and precise as possible" without requiring the respondent to make "inferences or conclusions about which persons might well differ and without leaving anything for further hearing." *Id*. at 44-45. The order must be sufficiently specific such that the person charged

with obeying it will readily know exactly what duties and obligations are imposed upon him. *Ex parte Chambers*, 898 S.W.2d 257, 260 (Tex. 1995) (orig. proceeding). Whether an order is enforceable by contempt depends on whether its wording is definite and certain. *Ex parte Reese*, 701 S.W.2d 840, 841 (Tex. 1986) (orig. proceeding). "A proper judgment must spell out the details of compliance in clear and unambiguous terms so that the person will know exactly what he is expected to do." *Id*. at 841-42. "The order's interpretation may not rest upon implication or conjecture." *In re Janson*, 2020 WL 7413707, at *2 (internal quotations omitted). "Rather, the alleged violation must be directly contrary to the order's express terms." *Id*. (internal quotations omitted). "A trial court necessarily abuses its discretion if it holds a person in contempt for violating an ambiguous order." *Id*.

### *Medical Support Provision*

Here, the part of the divorce decree that the trial court enforced by contempt fails to set out the terms for complying with the medical support payments in clear and definite terms. The trial court found that Onesimo failed to comply with the provision in the divorce decree requiring him to pay cash medical support in the amount of $200.00 to Maricela for the children on specific dates beginning on January 1, 2009, and continuing on a monthly basis thereafter until August 1, 2019. Specifically, this provision states:

> Onesimo M. Medina is ORDERED to pay to provide [sic] and maintain health insurance for each child and in the event Maricela M. Medina relocates the children's primary residence to Mexico, then in such event Onesimo M. Medina shall pay to Maricela M. Medina $200.00 per month as medical support in addition to any other child support, with the first installment of $200.00 being due and payable on the first day of the month after Maricela M. Medina relocates the children's primary residence to Mexico and a like installment being due and payable on the first day of each month thereafter.

The start date for payment of medical support is contingent on the occurrence of a future event, Maricela "relocat[ing] the children's primary residence to Mexico." "The general rule is

that judgments must not be conditional or contingent." *Hale v. Hale*, No. 04-05-00314-CV, 2006 WL 166518, at \*4 (Tex. App.—San Antonio Jan. 25, 2006, pet. denied). "Texas law has long held that a judgment must be sufficiently definite and certain to define and protect the rights of all litigants, or it must provide a definite means of ascertaining such rights so the judgment can be executed without reference to facts not stated within the judgment." *See In re D.A.I.*, No. 04-06-00434-CV, 2007 WL 1988153, at \*2 (Tex. App.—San Antonio July 11, 2007, no pet.). In this case, the date for Onesimo to begin paying medical support is impermissibly contingent and uncertain. *See id.* (concluding provisions making terms of possession and child support contingent on one party's future actions and based on an average drive time to the child's school were impermissibly indefinite); *Hale*, 2006 WL 166518, at \*4 (concluding a child support order was not sufficiently definite when the amount depended on whether or not the custodial parent was evicted from her home).

In addition to the contingent nature of the medical support obligation, the phrase "relocat[ing] the children's primary residence to Mexico" is ambiguous. The interpretation of this phrase impermissibly requires inferences or conclusions about which reasonable persons might differ. *See Ex parte Slavin*, 412 S.W.2d at 44-45. The language of the medical provision is not sufficiently specific such that Onesimo could readily know exactly what duties or obligations it imposes, nor could he ascertain its meaning without reference to facts not stated in the decree. *See Ex parte Reese*, 701 S.W.2d at 841-42. We conclude the medical support provision in the divorce decree is not sufficiently clear and definite to be enforceable by contempt and, therefore, the trial court abused its discretion by holding Onesimo in contempt for violating this provision.[2] *See In re*

---

[2]Nevertheless, when a decree is not sufficiently clear and definite to be enforceable by contempt, a trial court is authorized to render a clarifying order. *See* TEX. FAM. CODE ANN. § 9.008(a) (stating the trial court "may render a clarifying order . . . in conjunction with a motion for contempt or on denial of a motion for contempt."); *see Zeolla v.*

*Janson*, 2020 WL 7413707, at *3 (concluding an order that did not require a parent to transport her child to an extracurricular activity in clear, specific, and unambiguous terms could not support a contempt finding); *Ex parte Glover*, 701 S.W.2d 639, 640-41 (Tex. 1985) (orig. proceeding) (concluding an order requiring payment of principal and interest to trigger the reconveyance of property was not enforceable by contempt when the order did not specify if the interest owed was simple or compound interest); *In re Kluge*, No. 09-20-0004-CV, 2020 WL 1173702, at *3 (Tex. App.—Beaumont Mar. 12, 2020, orig. proceeding) (concluding order was unenforceable by contempt when it failed to spell out the details of compliance in clear, specific, and unambiguous terms so the parent would know exactly what duties and obligations the order imposed with regard to the child's primary residence).

***Property Provision***

The trial court found that Onesimo failed to comply with the property provision of the divorce decree because he "failed to sign a listing agreement and place the property described above for sale with a [r]eal [e]state broker having sales experience in the area where the property is located." The relevant property provision in the divorce decree provides:

> IT IS FURTHER ORDERED AND DECREED that the property and all improvements located thereon [legal description], and more commonly known as 9619 Alexa Place, San Antonio, Texas, shall be sold under the following terms and conditions:
>
> 1. The parties shall list the property with a duly licensed real estate broker having sales experience in the area where the property is located. The initial list price shall be an amount agreeable by the parties, and if the parties cannot agree, the real estate broker or the list price shall be determined by Victor H. Negron, Jr., arbitrator.
>
> 2. The property shall be sold for a price that is mutually agreeable to [Maricela] and [Onesimo]. If [Maricela] and [Onesimo] are unable to agree on a sales

---

*Zeolla*, 15 S.W.3d 239, 242-43 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (holding the trial court was authorized to enter an order clarifying an ambiguous provision in a divorce decree).

price, on the application of either party, the property shall be sold under the
terms and conditions determined by Victor H. Negron, Jr. [a]rbitrator.

In its contempt order, the trial court found that Onesimo had violated the property provision by failing to sign a listing agreement and place the property for sale with a real estate broker. However, nothing in the property provision clearly and unambiguously requires Onesimo to sign a listing agreement. It only requires Onesimo and Maricela to "list the property with a duly licensed real estate broker" and states that "the initial list price shall be an amount agreeable by the parties." It further provides that "if the parties cannot agree, the real estate broker or the list price shall be determined by Victor H. Negron, Jr., arbitrator." The provision further states that if the parties "are unable to agree on a sales price, on the application of either party, the property shall be sold under the terms and conditions determined by Victor H. Negron, Jr., arbitrator."

"To be enforceable by contempt a judgment must set out the terms for compliance in clear and unambiguous terms" and it "must also clearly order the party to perform the required acts." *Ex parte Brister*, 801 S.W.2d at 834. In this case, the property provision does not clearly and unambiguously require Onesimo to sign a listing agreement. In fact, the language of the decree merely states that if the parties cannot agree on a real estate broker or a list price, then these matters "shall be determined" by Mr. Negron. Therefore, the property provision is unenforceable by contempt. *See id*. at 834-35 (setting aside a contempt order that enforced "cryptic instructions of a party given with the court's permission but without the certainty of detailed provisions of a decree."). We conclude the trial court abused its discretion by holding Onesimo in contempt for failing to sign a listing agreement and place the property for sale with a real estate broker.

As to the contempt order, Onesimo has established both a clear abuse of discretion and a lack of an adequate remedy by appeal. Accordingly, he is entitled to mandamus relief. *See In re Prudential*, 148 S.W.3d at 135-36.

**ARBITRATION AND STAY**

Onesimo also argues the trial court abused its discretion by not ruling on his motion to compel arbitration and by not staying the property-related contempt proceedings pursuant to section 171.025(a) of the Texas Civil Practice and Remedies Code.

Section 171.025(a) provides: "The court shall stay a proceeding that involves an issue subject to arbitration if an order for arbitration or an application for that order is made under this subchapter." TEX. CIV. PRAC. & REM. CODE ANN. § 171.025(a). "This statute provides on its face that the court shall stay a proceeding. In other words, the stay is not automatic." *In re F.C. Holdings, Inc.*, 349 S.W.3d 811, 816 (Tex. App.—Tyler 2011, orig. proceeding [mand. denied]). Furthermore, a party may sometimes waive the right to a stay by failing to object to the trial court's actions. *Roccaforte v. Jefferson Cty.*, 341 S.W.3d 919, 923 (Tex. 2011) (the appellant's "failure to object to the trial court's actions waived any error related to the stay."); *In re Consolidated Freightways, Inc.*, 75 S.W.3d 147, 152-53 (Tex. App.—San Antonio 2002, orig. proceeding) (discussing different types of stays and noting that "the right to arbitrate . . . is personal to the parties and thus subject to waiver.").

"Due to the extraordinary nature of the remedy, the right to mandamus relief generally requires a predicate request for action by the [trial court] and the [trial court's] erroneous refusal to act." *In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017). "Equity generally is not served by issuing an extraordinary writ against a trial court judge on a ground that was never presented in the trial court and that the trial judge thus had no opportunity to address." *In re Jarvis*, 431 S.W.3d 129, 139 (Tex. App.—Houston [14th Dist.] 2013, orig. proceeding). In his mandamus petition, Onesimo does not argue or show that this case is one of those "rare occasions" when the predicate-request requirement does not apply. *See In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding)

(recognizing the predicate-request requirement may be relaxed on "rare occasions" when a request and refusal would have been futile).

Here, Onesimo failed to make the required predicate requests and seek action from the trial court. First, Onesimo did not set his motion to compel arbitration for a hearing prior to or contemporaneous with Maricela's contempt motion. The trial court declined to rule on Onesimo's motion to compel arbitration because it was not set for a hearing. Second, Onesimo did not object to the contempt proceedings based on section 171.025(a). *See Roccaforte*, 341 S.W.3d at 923 (recognizing that by failing to object "a party may waive complaints about a trial court's actions in violation of the stay imposed by section 151.014(b)" of the Texas Civil Practice and Remedies Code). In this case, the record shows the trial court was not given an opportunity to rule on Onesimo's motion to compel arbitration or to stay the contempt proceedings under section 171.025(a).

As a prerequisite to mandamus relief, Onesimo was required to present his motion to compel arbitration and his section 171.025(a) complaint to the trial court. He failed to do so. Accordingly, we deny Onesimo's requests for mandamus relief regarding his motion to compel arbitration and section 171.025(a) complaint.[3] *See In re Coppola*, 535 S.W.3d at 510 (denying a relator's request for mandamus relief when the relator failed to make a predicate request in the trial court).

## CONCLUSION

Having concluded that the trial court abused its discretion by holding Onesimo in contempt for violating the medical and property provisions in the divorce decree and that Onesimo has no adequate remedy by appeal, we conditionally grant the mandamus petition in part and order the

---

[3]We express no opinion regarding the merits of Onesimo's motion to compel arbitration and his section 171.025(a) complaint.

trial court to vacate its contempt order. We deny the remainder of the mandamus petition. The writ will issue only in the event the trial court fails to comply with our order within fourteen days.

Irene Rios, Justice